**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
LILACH HALPERIN (SBN 323202)
*lilach@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665
***Attorneys for Plaintiff and the Proposed Classes***

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA SCHWARTZ, an individual, on behalf of herself, all others similarly situated, and the general public,<br><br>        Plaintiff,<br><br>        v.<br><br>BEIERSDORF, INC., a Delaware Corporation,<br><br>        Defendant. | Case No.: 3:24-cv-4394<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiff Rebecca Schwartz ("Plaintiff"), on behalf of herself, all others similarly situated, and the general public, by and through her undersigned counsel, hereby sues Beiersdorf, Inc. ("Defendant") and, upon information and belief and investigation of counsel, alleges as follows:

## I.   <u>INTRODUCTION</u>

1.     Defendant makes, distributes, sells, and markets healing ointment products for babies, children, and adults under the brand name Aquaphor. The products at issue include Aquaphor Baby Healing Ointment and Aquaphor Children's Healing Ointment in any size (collectively, the "Products" or "Aquaphor Products").

2.     Defendant sells three separate versions of the Products: one advertised for babies, one advertised for children, and one for adults.

3.     The Aquaphor product marketed for babies is named "Baby," contains an image of a baby in a diaper, and is advertised as "Hypoallergenic," a "Pediatrician recommended brand," and " For dry, chapped or irritated skin."

4.     The comparable Aquaphor product marketed for children is named "Children's," contains an image of a child, and is advertised as "Hypoallergenic," a "Pediatrician recommended brand," and "For dry, chapped or irritated skin."

5.     The comparable adult's Aquaphor product does not contain the words "Baby" or "Children" anywhere on the front label, and does not advertise that it is a "pediatrician recommended brand." The adult's Aquaphor product is advertised as "Dermatologist recommended," "For dry, cracked, or irritated skin," and "Clinically proven to restore smooth, healthy skin."

6.     These representations lead reasonable consumers to believe that the Aquaphor product advertised for babies is more suitable for babies, the Aquaphor product advertised for children is more suitable for children, and the Aquaphor product advertised for adults is more suitable for adults. Based on this reasonable belief, consumers are willing to purchase the Aquaphor product advertised for a specific demographic (baby, children, or adult) based on their need, and are willing to pay more for such products. Reasonable consumers are willing to pay more for the Baby and Children's Aquaphor products because they want a product that is

specifically formulated for babies or children and are guaranteed to be safe for such demographics.

7. The truth, however, is that the Baby, Children's, and Adult Aquaphor products all have the exact same formula and ingredients. Defendant puts the same ointment into three separate products with different labels. Consumers are being deceived and overcharged.

8. Plaintiff read and relied upon Defendant's advertising when purchasing the Products and was damaged as a result.

9. Plaintiff brings this action on behalf of herself and all other similarly situated consumers in the United States, alleging violations of the California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq*. ("CLRA"), Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*. ("UCL"), and False Advertising Law, *id*. §§ 17500 *et seq*. ("FAL"). Plaintiff brings further causes of action for breach of express and implied warranties, negligent misrepresentation, intentional misrepresentation/fraud, and quasi-contract/unjust enrichment.

10. Plaintiff seeks an order compelling Defendant to (a) cease marketing the Products using the misleading and unlawful tactics complained of herein, (b) destroy all misleading, deceptive, and unlawful materials, (c) conduct a corrective advertising campaign, (d) restore the amounts by which it has been unjustly enriched, and (e) pay restitution damages and punitive damages, as allowed by law.

## II.   <u>JURISDICTION AND VENUE</u>

11. This Court has original jurisdiction under 28 U.S.C. § 1332(d)(2) (The Class Action Fairness Act) because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs and because more than two-thirds of the members of the Class reside in states other than the state of which Defendant is a citizen.

12. The court has personal jurisdiction over Defendant. Defendant purposely availed itself to California because Defendant transacts, is registered to do business, and does business within this judicial district, and is committing the acts complained of below within this judicial district.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the injury in this case substantially occurred in this District. Defendant has intentionally availed itself of the

laws and markets of this District through the promotion, marketing, distribution, and sale of the Products in this District, and is subject to personal jurisdiction in this District.

### III.   PARTIES

14.     Defendant Beiersdrof, Inc. is a Delaware corporation with its principal place of business at 301 Tresser Blvd., Suite 1500, Stamford, CT 06901. Defendant is registered to do business in California as entity number 694584. Defendant manufactures, distributes, markets, and sells the Aquaphor products throughout the United States and in California. Defendant is responsible for the making, labeling, distribution, selling, and marketing of the Aquaphor products throughout the applicable statute of limitations period.

15.     Plaintiff Rebecca Schwartz ("Plaintiff") is a resident of California and purchased the Baby, Children's, and Adult Aquaphor products several times during the Class Period from Walgreens and Target stores in Berkeley and Oakland, California, including the Walgreens located at 2310 Telegraph Ave., Berkeley, CA, 94704 and 2995 San Pablo Ave., Berkeley, CA, 94704, and the Target located at 1414 University Ave., Berkeley, CA, 94702. Plaintiff's most recent purchase was in or around 2023. Plaintiff saw the baby-specific and child-specific misrepresentations made on the Products' labels prior to and at the time of purchase and understood them as representations and warranties that the product marketed for babies was specially formulated for babies or otherwise uniquely suitable for babies, and that the product marketed for children was specially formulated for children or otherwise uniquely suitable for children. Plaintiff relied on the representations made on the Products' labels in deciding to purchase the Products. These representations and warranties were part of her basis of the bargain, in that she would not have purchased the Products, or would only have been willing to purchase the Products at a lower price, had she known the representations were false. Plaintiff would consider purchasing the Products again if the advertising statements made on the Products' labels were, in fact, truthful and represented in a manner as not to deceive consumers.

### IV.   NATURE OF THE ACTION

**A. Defendant Makes, Markets, Distributes, and Sells the Products**

16.     Defendant distributes Aquaphor Baby products marketed for babies, Aquaphor

Children's products marketed for children, and Aquaphor adult products that are marketed for adults.

17.     The Aquaphor Products are available for purchase from many of the top retailers in the United States and California, including but not limited to Target, Walmart, Walgreens, and Amazon.com.

**Aquaphor Baby Healing Ointment**

18.     The Aquaphor Baby Healing Ointment product is labeled as a "Baby" product and contains a cartoon-like illustration of a baby in a diaper. The front label also advertises that it is a "Pediatrician recommended brand."

19.     A true and correct copy of the front label of the Aquaphor Baby Healing Ointment product from www.AquaphorUS.com is shown below:



20.     The Aquaphor Baby Healing Ointment product is listed in the "Baby" category and in the "Baby Care" section on www.AquaphorUS.com. The description of the Aquaphor Baby product on the www.AquaphorUS.com website states "One essential solution for your baby's many skincare needs: Aquaphor® Baby Healing Ointment is uniquely formulated to provide the

extra gentle care your baby's tender and delicate skin needs. This multi-purpose ointment can be used for many of your baby's skin needs, from chapped cheeks to minor scrapes and scratches, to diaper rash, to the dry skin, and many more, so your baby stays happy, healthy, and protected."

21.     Below is a true and correct copy of a screenshot of the Aquaphor Baby Healing Ointment product from www.AquaphorUS.com:



22.     The Aquaphor Baby Healing Ointment product contains the following active ingredient: Petrolatum (41%). The Aquaphor Baby Healing Ointment product contains the following inactive ingredients: Mineral Oil, Ceresin, Lanolin Alcohol, Panthenol, Glycerin, Bisabolol.

23.     A true and correct copy of the ingredient list of the Aquaphor Baby Healing Ointment product from www.AquaphorUS.com is shown below:

## Ingredients

**Active Ingredient:** Petrolatum (41%) – Skin protectant
**Inactive Ingredients:** Mineral Oil, Ceresin, Lanolin Alcohol, Panthenol, Glycerin, Bisabolol

5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Aquaphor Children's Healing Ointment**

24.     The Aquaphor Children's Healing Ointment product is labeled as a "Children's" product with a red heart and contains a cartoon-like illustration of a child. The front label also advertises that it is a "Pediatrician recommended brand."

25.     A true and correct copy of the front label of the Aquaphor Children's Healing Ointment product from www.AquaphorUS.com is shown below:



26.     The description of the Aquaphor Children's product on the www.AquaphorUS.com website states "Aquaphor Children's Healing Ointment is one essential solution for kids' many skincare needs. This multipurpose ointment can be used to protect the skin to help heal minor cuts and scrapes and to soothe dry, chapped, irritated skin. Aquaphor Children's Healing Ointment can also help prevent chafing and helps protect skin from the drying effects of wind and cold weather. This skin protectant formula is also a moisturizing lip ointment for soothing relief to chapped lips and dry hands. Uniquely formulated with 41% Petrolatum (skin protectant), this skin healing ointment works by creating a protective barrier on the skin that allows for the flow of oxygen and

excess fluid to create an ideal healing environment. Aquaphor Children's Healing Ointment is hypoallergenic and free of fragrances and parabens. It's clinically proven and gentle on sensitive skin."

27.    Below is a true and correct copy of a screenshot of the Aquaphor Children's Healing Ointment product from www.AquaphorUS.com:



28.    The Aquaphor Children's Healing Ointment product contains the following active ingredient: Petrolatum (41%). The Aquaphor Children's Healing Ointment product contains the following inactive ingredients: Mineral Oil, Ceresin, Lanolin Alcohol, Panthenol, Glycerin, Bisabolol.

29.    A true and correct copy of the ingredient list of the Aquaphor Children's Healing Ointment product from www.AquaphorUS.com is shown below:

**Active Ingredient: Petrolatum (41%)**

Inactive Ingredient: Mineral Oil, Ceresin, Lanolin Alcohol, Panthenol, Glycerin, Bisabolol

**Aquaphor Healing Ointment**

30.    The Aquaphor Healing Ointment product for adults does not contain the words

"Children" or "Baby" anywhere on the front label, and does not advertise that it is a "pediatrician recommended brand." The Aquaphor product for adults is advertised as "Dermatologist recommended," "For dry, cracked, or irritated skin," and "Clinically proven to restore smooth, healthy skin."

31.   A true and correct copy of the front label of the Aquaphor Healing Ointment product for adults from www.AquaphorUS.com is shown below:



32.   The Aquaphor Healing Ointment product is listed in the "Body Care Products" section on www.AquaphorUS.com. The description of the Aquaphor product for adults on the www.AquaphorUS.com website states "One essential solution for many skincare needs: Aquaphor Healing Ointment® (14oz.) is uniquely formulated to restore smooth, healthy skin. Different from a lotion or cream, this multi-purpose ointment protects and soothes extremely dry skin, chapped lips, cracked hands and feet, minor cuts and burns, and many other skin irritations, so you can get on with your day comfortably."

33.   Below is a true and correct copy of a screenshot of the Aquaphor Healing Ointment product from www.AquaphorUS.com:



34.     The Aquaphor Adult's Healing Ointment product contains the following active ingredient: Petrolatum (41%). The Aquaphor Adult's Healing Ointment product contains the following inactive ingredients: Mineral Oil, Ceresin, Lanolin Alcohol, Panthenol, Glycerin, Bisabolol.

35.     A true and correct copy of the ingredient list of the Aquaphor Adult's Healing Ointment product from www.AquaphorUS.com is shown below:

## Ingredients

**Active ingredient:** Petrolatum (41%) – Skin protectant
**Inactive ingredients:** Mineral Oil, Ceresin, Lanolin Alcohol, Panthenol, Glycerin, Bisabolol

36.     As shown above, the Baby, Children's and Adult's Aquaphor Healing Ointment products all contain the same amount of the same active and inactive ingredients. In other words, all three Aquaphor Healing Ointment products are identical in form and quantity.

37.     Defendant omits that the Products are suitable for use by all demographics: babies, children, and adults. Instead, the Baby product represents that it is a "Baby" product and the Children's product represents that it is a "Children's" product.

**B. The Aquaphor Product Labels are Misleading to Reasonable Consumers**

38.     Based on the different marketing and labeling on the front of the Aquaphor Baby product, the Aquaphor Children's product, and the Aquaphor Adult's product, reasonable consumers believe that there is something different about the three products that make each one better suited or more appropriate for the advertised demographic.

39.     However, all three products have the same amount of active and inactive ingredients. Defendant fails to disclose the true nature of the Products.

40.     Defendant's misrepresentations and omissions are misleading because the Baby, Children's, and Adult Aquaphor products are identical.

41.     Because Defendant advertises identical products to different demographics under the guise of being "uniquely formulated," consumers are forced to purchase multiple products instead of one.

42.     The Aquaphor Baby Healing Ointment and Aquaphor Children's Healing Ointment products are also sold at a premium.

43.     For example, Walgreens sells a 14 oz. container of the Aquaphor Baby Healing Ointment product for $24.99, or $1.78 per ounce.[1] Walgreens also sells the comparable 14 oz. container of the Aquaphor Adult's Healing Ointment product for $19.99, or $1.43 per ounce.[2]

44.     According to camelcamelcamel.com, the average price of the 14 oz. Aquaphor Baby Healing Ointment product from November 24, 2016 to June 17, 2024 was $18.08.[3] The average price of the 14 oz. Aquaphor Adult's Healing Ointment product from November 22, 2016 to June 2, 2024 was $17.09.[4]

45.     Because the Baby and Children's Aquaphor products represent that they are uniquely suitable for babies or children, when in fact the Baby, Children's, and Adult's Aquaphor

---

[1] https://www.walgreens.com/store/c/aquaphor-healing-ointment/ID=prod6097487-product

[2]     https://www.walgreens.com/store/c/aquaphor-advance-therapy-healing-ointment-fragrance-free/ID=prod3945801-product

[3] https://camelcamelcamel.com/product/B005UEB96K

[4] https://camelcamelcamel.com/product/B006IB5T4W

products are all formulated identically, consumers are induced to purchase the Baby and Children's products at a premium. Additionally, consumers are induced to purchase three separate products for each demographic. Consumers are induced to pay an unlawful premium.

46.    Defendant charges a premium for the Baby and Children's Aquaphor products. Yet, the Baby, Children's, and Adult's Aquaphor products contain the same amount of the same active and inactive ingredients. The only difference is that one is labeled for babies, one is labeled for children, and one is labeled for adults.

47.    The Aquaphor Baby product is not uniquely formulated for babies, and the Aquaphor Children's product is not uniquely formulated for children. The Baby, Children's, and Adult's Aquaphor products all contain the exact same formulation. Defendant takes the same exact product and puts it in three different forms of packaging: one labeled for babies, one labeled for children, and one labeled for adults. Then, Defendant charges more for the Products marketed for babies and children. In short, Defendant tricks consumers into thinking they are buying products uniquely formulated for babies and children, when in reality, consumers are just buying Defendant's Aquaphor products for adults in a different packaging marketed for babies and children.

48.    Consumers buy the Baby and Children's Aquaphor products based on the belief that they are specially or uniquely formulated for babies or children. Consumers that want to keep babies and children safe rely on companies to not mislead them into paying more for products.

49.    No reasonable consumer who understood that the Baby, Children's, and Adult's Aquaphor products are all formulated identically would choose to pay more for them.

**C.    Plaintiff's Purchases, Reliance, and Injury**

50.    Plaintiff Rebecca Schwartz purchased the Baby and Children's Aquaphor products several times from approximately 2020 to 2023 at Walgreens and Target stores in Berkeley and Oakland, California in reliance on the front-label claims that the products were specifically for babies or children. Plaintiff also purchased the Adult Aquaphor product for herself several times from approximately 2016-2023.

51.    When deciding to purchase the Baby and Children's Products, Plaintiff read and

relied on the front-label advertisements that the Aquaphor Baby product was for babies and the Aquaphor Children's product was for children, as well as the additional baby and children-specific representations and illustrations, which appear directly on the front label of the Products' labels and packaging.

52.    Based on these representations, Plaintiff believed that the Baby and Children's Aquaphor Products were specially formulated for babies or children and bought them specifically for this reason.

53.    Plaintiff purchased all three Baby, Children's, and Adult's Aquaphor products during the Class Period based on the reasonable belief that the Baby Aquaphor product was uniquely suitable for babies, the Children's Aquaphor product was uniquely suitable for children, and the adult's Product was more suitable for adults.

54.    Plaintiff would not have purchased the Aquaphor products or would not have paid as much as she had for them if Plaintiff had known that the Baby, Children's, and Adult's Aquaphor products are all formulated identically. Plaintiff paid a premium for these Products due to the misleading labelling on the Products' packaging. Had Plaintiff known the truth, Plaintiff would not have purchased the Products or would not have paid as much as she had for the Products.

55.    The representations on the Products' labels were and are false and misleading, and had the capacity, tendency, and likelihood to confuse or confound Plaintiff and other consumers acting reasonably (including the putative Class) because, as described in detail herein, the Baby, Children's, and Adult's Aquaphor products are all formulated identically, and the Baby and Children's Aquaphor Healing Ointment products are not specially formulated for babies or children.

56.    Plaintiff acted reasonably in relying on the challenged claims that Defendant intentionally placed on the Products' label and packaging with the intent to induce average consumers into purchasing them.

57.    Plaintiff first discovered Defendant's unlawful acts described herein in mid-2024 when she learned that the Baby, Children's, and Adult's Aquaphor products are all formulated identically.

58.     Plaintiff, in the exercise of reasonable diligence, could not have discovered earlier Defendant's unlawful acts described herein because the violations were known to Defendant, and not to her throughout the Class Period defined herein.

59.     The Baby and Children's Aquaphor products were sold at a premium and would have cost less absent the false and misleading statements.

60.     Plaintiff paid more for the Baby and Children's Aquaphor products, and would only have been willing to pay less, or unwilling to purchase them at all, absent the false and misleading labeling statements complained of herein.

61.     For these reasons, the Products were worth less than what Plaintiff paid for them.

62.     Plaintiff would like to, and would consider, purchasing the Products again when she can do so with the assurance that the Products' labels are truthful and consistent with the Products' ingredients.

63.     Plaintiff will be unable to rely on the Products' advertising or labeling in the future, and so will not purchase the Products again although she would like to.

64.     Plaintiff lost money as a result of Defendant's deceptive claims and practices in that she did not receive what she paid for when purchasing the Products.

65.     Plaintiff detrimentally altered her position and suffered damages in an amount equal to the premium she paid for the Products.

66.     The senior officers and directors of Defendant allowed the Products to be sold with full knowledge or reckless disregard that the challenged claims are fraudulent, unlawful, and misleading.

## V.     CLASS ACTION ALLEGATIONS

67.     40.     Pursuant to Federal Rule of Civil Procedure 23, Plaintiff seeks certification of the following Classes (or alternative Classes or Subclasses), for the time period from when the Children's Aquaphor products first entered into the stream of commerce until the present ("Class Period"), defined as follows:

**Nationwide Class**
All U.S. citizens who purchased the Aquaphor Baby Healing Ointment or Aquaphor Children's Healing Ointment products in their respective state of citizenship for personal

13

and household use and not for resale during the Class Period.

**California Subclass**
All California citizens who purchased the Aquaphor Baby Healing Ointment or Aquaphor Children's Healing Ointment products in California for personal and household use and not for resale during the Class Period.

68.     The Classes and Subclasses described in this complaint will jointly be referred to as the "Class" or the "Classes" unless otherwise stated, and the proposed members of the Classes and Subclasses will jointly be referred to as "Class Members."

69.     Plaintiff and the Class reserve their right to amend or modify the Class definitions with greater specificity or further division into subclasses or limitation to particular issues as discovery and the orders of this Court warrant.

70.     Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, Defendant's employees, officers, directors, legal representatives, heirs, successors and wholly or partly owned subsidiaries or affiliated companies, including all parent companies, and their employees; and the judicial officers, their immediate family members and court staff assigned to this case.

71.     The members in the proposed Class are so numerous that individual joinder of all members is impracticable. Due to the nature of the trade and commerce involved, however, Plaintiff believes the total number of Class members is at least in the hundreds and members of the Classes are numerous.  While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

72.     Defendant has acted or refused to act on grounds generally applicable to the Classes, thereby making final injunctive relief or corresponding declaratory relief and damages as to the Products appropriate with respect to the Classes as a whole.  In particular, Defendant has failed to disclose the true nature of the Products being marketed as described herein.

73.     There is a well-defined community of interest in the questions of law and fact involved, affecting the Plaintiff and the Classes and these common questions of fact and law

14

include, but are not limited to, the following:

      a.      Whether Defendant breached any express warranties made to Plaintiff and the Class;

      b.      Whether Defendant breached any implied warranties made to Plaintiff and the Class;

      c.      Whether Defendant violated other consumer protection statutes, false advertising statutes, or state deceptive business practices statutes;

      d.      Whether Defendant engaged, and continues to engage, in unfair or deceptive acts and practices in connection with the marketing, advertising, and sales of the Products;

      e.      Whether reasonable consumers are likely to be misled by Defendant's advertising and labeling of the Products;

      f.      Whether the Products' challenged representations or omissions are material to reasonable consumers;

      g.      Whether the proposed class is suitable for class certification;

      h.      The proper amount of restitution, damages, and punitive damages;

      i.      The proper injunctive relief, including a corrective advertising campaign;

      j.      The proper amount of attorneys' fees.

74.      These common questions of law and fact predominate over questions that affect only individual Class Members.

75.      Plaintiff's claims are typical of Class Members' claims because they are based on the same underlying facts, events, and circumstances relating to Defendant's conduct. Specifically, all Class Members, including Plaintiff, were subjected to the same misleading and deceptive conduct when they purchased the Products, and suffered economic injury because the Products were and still are misrepresented. Absent Defendant's business practice of deceptively and unlawfully labeling the Products, Plaintiff and Class Members would not have purchased the Products, or would have paid less for them.

76.      Plaintiff will fairly and adequately represent and protect the interests of the Classes, has no interests incompatible with the interests of the Classes, and has retained counsel with

substantial experience in handling complex consumer class action litigation. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the Classes and have the financial resources to do so.

77.     Plaintiff and the members of the Classes suffered, and will continue to suffer harm as a result of Defendant's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Individual joinder of all members of the Classes is impracticable. Even if individual Class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and efficient handling of all Class members' claims in a single forum. The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the class members. Furthermore, for many, if not most, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice.

78.     Adjudication of individual Class members' claims with respect to Defendant would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other class members to protect their interests.

79.     Defendant has acted on grounds applicable to the Class, thereby making appropriate final public injunctive and declaratory relief concerning the Class as a whole.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Violations of the Unfair Competition Law,**

**Cal. Bus. & Prof. Code §§ 17200 *et seq*.**

**(*on behalf of the California Class*)**

80.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if

1  set forth in full herein.

2  81.  California's Unfair Competition Law, Business and Professions Code §17200 (the

3  "UCL") prohibits any "unfair, deceptive, untrue or misleading advertising."  For the reasons

4  discussed above, Defendant has engaged in unfair, deceptive, untrue and misleading advertising,

5  and continues to engage in such business conduct, in violation of the UCL.

6  82.  California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200,

7  *et seq*., proscribes acts of unfair competition, including "any unlawful, unfair or fraudulent

8  business act or practice and unfair, deceptive, untrue or misleading advertising."

9  **Fraudulent**

10  83.  A statement or practice is "fraudulent" under the UCL if it is likely to mislead or

11  deceive the public, applying an objective reasonable consumer test.

12  84.  As set forth herein, Defendant's claims relating to the Products are likely to mislead

13  reasonable consumers to believe the Products are specially formulated or otherwise uniquely

14  suitable for babies or children.

15  85.  Defendant's conduct caused and continues to cause substantial injury to Plaintiff

16  and the other Class members.  Plaintiff has suffered injury in fact as a result of Defendant's unfair

17  conduct.  Defendant has thus engaged in unlawful, unfair and fraudulent business acts and

18  practices and false advertising, entitling Plaintiff and the Class to public injunctive relief against

19  Defendant, as set forth in the Prayer for Relief.

20  86.  Pursuant to Business and Professions Code § 17203, Plaintiff and the Class seek an

21  order requiring Defendant to immediately cease such acts of unlawful, unfair and fraudulent

22  business practices and requiring Defendant to engage in a corrective advertising campaign.

23  87.  Plaintiff also seeks an order for the disgorgement and restitution of the premium

24  received from the sale of the Products the Class Members purchased, which was unjustly acquired

25  through acts of unlawful, unfair, and/or fraudulent competition, and attorneys' fees and costs.

26  **Unlawful**

27  88.  The acts alleged herein are ''unlawful" under the UCL in that they violate at least

28  the following laws:

17

a.     By knowingly and intentionally concealing from Plaintiff and the other Class members that the Products were not specially formulated for children;

b.     By misrepresenting the nature of the Products as being specially formulated or otherwise uniquely suitable for babies or children;

c.     By engaging in the conduct giving rise to the claims asserted in this complaint;

d.     By violating California Civil Code §§ 1709-1711 by making affirmative misrepresentations about the Products;

e.     By violating California Civil Code §§ 1709-1711 by suppressing material information about the Products;

f.     By violating the California Commercial Code for breaches of express and implied warranties.

g.     By violating California's Sherman Act, Cal. Health & Safety Code § 110390, which prohibits drug and cosmetics labelling that is "false or misleading in any particular";

h.     By violating the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*; and

i.     By violating the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*

89.     Such conduct is ongoing and continues to this date.

90.     Plaintiff and the Class reserve the right to allege other violations of law, which constitute other unlawful business acts or practices.

## **Unfair**

91.     Defendant's acts, omissions, misrepresentations, practices and nondisclosures as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  In the alternative, Defendant's business conduct as described herein violates relevant laws designed to protect consumers and business from unfair competition in the marketplace.  Such conduct is ongoing and continues to date.

92.     Defendant's conduct with respect to the labeling, advertising, and sale of the

Products were and is also unfair because it violates public policy as declared by specific constitutional, statutory or regulatory provisions, including but not limited to the Consumers Legal Remedies Act and the False Advertising Law.

93.     Defendant's conduct with respect to the labeling, advertising, and sale of the Products were and is also unfair because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one consumers themselves could reasonably have avoided.

94.     Defendant profited from its sale of the falsely, deceptively, and unlawfully advertised and packaged Products to unwary consumers.

95.     Plaintiff and Class Members are likely to continue to be damaged by Defendant's deceptive trade practices, because Defendant continues to disseminate misleading information on the Products' packaging. Thus, public injunctive relief enjoining Defendant's deceptive practices is proper.

96.     There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

97.     Class-wide reliance can be inferred because Defendant's misrepresentations were material, *i.e.*, a reasonable consumer would consider them important in deciding whether to buy the Aquaphor Baby or Children's products.

98.     Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and Class members.

99.     Plaintiff and the Classes were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased or would have paid less for the Aquaphor products if they had known the truth and (b) they overpaid for the Products because the Products are sold at a price premium due to the misrepresentations.

**<u>SECOND CAUSE OF ACTION</u>**

**Violations of the False Advertising Law,**

**Cal. Bus. & Prof. Code §§ 17500 *et seq.***

**(*on behalf of the California Class*)**

100.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

101.    The FAL provides that "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

102.    It is also unlawful under the FAL to disseminate statements concerning property or services that are "untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." *Id.*

103.    As alleged herein, Defendant falsely advertised the Baby and Children's Aquaphor products by falsely representing that the Products were specifically formulated for babies or children, when in fact the Baby, Children's, and Adult's Aquaphor products are all formulated identically.

104.    Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact as a result of Defendant's actions as set forth herein.  Specifically, prior to the filing of this action, Plaintiff purchased the Products in reliance on Defendant's false and misleading labeling claims that the Products, among other things, were specially formulated or otherwise uniquely suitable for babies or children.

105.    Defendant's business practices as alleged herein constitute deceptive, untrue, and misleading advertising pursuant to the FAL because Defendant has advertised the Products in a manner that is untrue and misleading, which Defendant knew or reasonably should have known, and omitted material information from its advertising.

106.    Defendant profited from its sale of the falsely and deceptively advertised Products to unwary consumers.

107.    As a result, Plaintiff, the Class, and the general public are entitled to public injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

108.    Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff, on behalf of herself and the Class, seeks an order enjoining Defendant from continuing to engage in deceptive business practices, false advertising, and any other act prohibited by law, including those set forth in this Complaint.

### THIRD CAUSE OF ACTION

**Violations of the Consumer Legal Remedies Act,**

**Cal. Civ. Code §§ 1750 *et seq*.**

**(*on behalf of the California Class*)**

109.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

110.    The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

111.    Defendant's false and misleading labeling and other policies, acts, and practices were designed to, and did, induce the purchase and use of the Products for personal, family, or household purposes by Plaintiff and Class Members, and violated and continue to violate the following sections of the CLRA:

a.    § 1770(a)(5): Representing that goods have characteristics, uses, or benefits which they do not have;

b.    § 1770(a)(7): Representing that goods are of a particular standard, quality, or grade if they are of another; and

c.    § 1770(a)(9): Advertising goods or services with intent not to sell them as advertised.

112.    Defendant profited from the sale of the falsely, deceptively, and unlawfully advertised Products to unwary consumers.

113.    Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA.

114.    On June 18, 2024, Plaintiff sent a notice letter to Defendant's principal place of

business which complies with California Civil Code § 1782(a). Plaintiff sent Defendant individually and on behalf of the proposed Class, a letter by certified mail, return receipt requested, demanding that Defendant rectify the actions described above by providing monetary relief, agreeing to be bound by its legal obligations, and giving notice to all affected customers of its intent to do so.

115.    More than thirty days have passed since Plaintiff sent Defendant a CLRA letter and Defendant has failed to take the corrective action described in Plaintiff's letter. Wherefore, Plaintiff seeks damages, restitution, injunctive relief, and attorneys' fees and costs for Defendant's violations of the CLRA.

## FOURTH CAUSE OF ACTION

### Breach of Express Warranties,

### Cal. Com. Code § 2313(1)

### (*on behalf of all Classes*)

116.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

117.    Through the Products' labels and advertising, Defendant made affirmations of fact or promises, or description of goods, described above, which were "part of the basis of the bargain," in that Plaintiff and the Class purchased the Products in reasonable reliance on those statements. Cal. Com. Code § 2313(1).

118.    The foregoing representations were material and were a substantial factor in causing the harm suffered by Plaintiff and the Class because they concerned alleged valuation of the Products regarding its suitability for babies and children.

119.     These representations had an influence on consumers' decisions in purchasing the Products.

120.    Defendant made the above representations to induce Plaintiff and the members of Class to purchase the Products. Plaintiff and the Class members relied on the representations when purchasing Defendant's products.

121.    Defendant breached the express warranties by selling Products that were marketed

as specially formulated or otherwise uniquely suitable for babies or children, when in fact, the Baby, Children's, and Adult's Aquaphor products are all formulated identically.

122.   That breach actually and proximately caused injury in the form of the price premium that Plaintiff and Class members paid for the Products.

## FIFTH CAUSE OF ACTION

### Breach of Implied Warranties

### Cal. Com. Code § 2314

123.   Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

124.   Defendant, through its acts and omissions set forth herein, in the sale, marketing, and promotion of the Products, made representations to Plaintiff and the Class that, among other things, the Products were specially formulated for babies or children and worth a premium.

125.   Plaintiff and the Class purchased the Products manufactured, advertised, and sold by Defendant, as described herein.

126.   Defendant is a merchant with respect to the goods of this kind which were sold to Plaintiff and the Class, and there was, in the sale to Plaintiff and other consumers, an implied warranty that those goods were merchantable.

127.   However, Defendant breached that implied warranty in that the Products were not specially formulated for babies or children, and instead, the Baby, Children's, and Adult Aquaphor products are all formulated identically.

128.   As an actual and proximate result of Defendant's conduct, Plaintiff and the Class did not receive goods as impliedly warranted by Defendant to be merchantable in that the Products did not conform to promises and affirmations made on the labels of the Products.

129.   Plaintiff and the Class have sustained damages as a proximate result of the foregoing breach of implied warranty in the amount of the Products' price premium.

## SIXTH CAUSE OF ACTION

### Negligent Misrepresentation

### (*on behalf of all Classes*)

130.    Plaintiff and the Class Members re-allege and incorporate by reference each and every allegation set forth above, and further allege as follows:

131.    Defendant had a duty to disclose to Plaintiff and Class Members correct information as to the quality and characteristics of the Products because Defendant was in a superior position than Plaintiff and Class Members such that reliance by Plaintiff and Class Members was justified. Defendant possessed the skills and expertise to know the type of information that would influence a consumer's purchasing decision.

132.    During the applicable Class Period, Defendant negligently or carelessly misrepresented, omitted, and concealed from consumers material facts regarding the quality and characteristics of the Products, including that the Products were specially formulated or otherwise uniquely suitable for babies or children.

133.    Defendant made such false and misleading statements and omissions with the intent to induce Plaintiff and Class Members to purchase the Products at a premium price.

134.    Defendant was careless in ascertaining the truth of its representations in that it knew or should have known that Plaintiff and Class Members would be overpaying for products that were identical to lower-priced products.

135.    Plaintiff and the Class Members were unaware of the falsity in Defendant's misrepresentations and omissions and, as a result, justifiably relied on them when making the decision to purchase the Products.

136.    Plaintiff and the Class Members would not have purchased the Products or paid as much for the Products if the true facts had been known.

## SEVENTH CAUSE OF ACTION

### Intentional Misrepresentation/Fraud

### (*on behalf of all Classes*)

137.    Plaintiff and the Class Members re-allege and incorporate by reference each and every allegation set forth above, and further allege as follows:

138.    Defendant had a duty to disclose to Plaintiff and Class Members correct information as to the quality and characteristics of the Products because Defendant was in a

superior position than Plaintiff and Class Members such that reliance by Plaintiff and Class Members was justified. Defendant possessed the skills and expertise to know the type of information that would influence a consumer's purchasing decision.

139.   During the applicable Class Period, Defendant intentionally misrepresented, omitted, and concealed from consumers material facts regarding the quality and characteristics of the Products, including that the Products were specially formulated or otherwise uniquely suitable for babies or children. These representations were material and were uniformly made.

140.   As noted in detail above, these representations were false and misleading, as the Baby, Children's, and Adult's Aquaphor products are formulated identically. Defendant made these misrepresentations with actual knowledge of their falsity and/or made them with fraudulent intent.

141.   Defendant made such false and misleading statements and omissions with the intent to induce Plaintiff and Class Members to purchase the Products at a premium price, deprive Plaintiff and Class Members of property or otherwise causing injury, and thus, Defendant has committed fraud.

142.   Defendant's deceptive or fraudulent intent is evidenced by motive and opportunity. Defendant offered products that were marketed and advertised as specially formulated for babies or children so Defendant could realize greater profits by requiring consumers to purchase three separate products: one for babies, one for children, and one for adults. Defendant knew that consumers would place trust and confidence in its Products' claims and rely thereon in their purchases of the Products. In addition to Defendant's knowledge that the Products were not specially formulated for otherwise uniquely suitable for babies or children, Defendant expressly represented that the Baby and Children's Products were more suitable for babies or children and superior to the adult's Aquaphor products when purchasing for babies or children, and generated great profit by instilling confidence in its consumer base that its claims were credible.

143.   Plaintiff and the Class Members were unaware of the falsity in Defendant's misrepresentations and omissions and, as a result, justifiably relied on them when making the decision to purchase the Products.

144.   As a proximate result of Defendant's intentional misrepresentations, Plaintiff and the Class were induced to purchase the Products at a premium.

145.   Plaintiff and the Class Members would not have purchased the Products or paid as much for the Products if the true facts had been known.

146.   As a result of their reliance, Plaintiff and Class Members were injured in an amount to be proven at trial, including, but not limited to, their lost benefit of the bargain and overpayment at the time of purchase.

147.   Defendant's conduct was knowing, intentional, with malice, demonstrated a complete lack of care, and was in reckless disregard for the rights of Plaintiff and Class Members. Plaintiff and Class Members are therefore entitled to an award of punitive damages.

## EIGHTH CAUSE OF ACTION

### Quasi-Contract/ Unjust Enrichment

### (*on behalf of all Classes*)

148.   Plaintiff and the Class Members re-allege and incorporate by reference each and every allegation set forth above, and further allege as follows:

149.   As alleged in detail above, Defendant's false and misleading labeling caused Plaintiff and the Class to purchase the Baby and Children's Aquaphor products at a premium.

150.   In this way, Defendant received a direct and unjust benefit, at Plaintiff and the Class's expense.

151.   It would be unjust and inequitable for Defendant to retain the above-mentioned benefits. For example, Defendant was only able to charge a premium for the Baby and Children's Aquaphor products by intentionally withholding information from Plaintiff, or otherwise misrepresenting the Products' qualities.

152.   Plaintiff and the Class seek restitution.

## VI.   PRAYER FOR RELIEF

153.   Wherefore, Plaintiff, on behalf of herself, all others similarly situated, and the general public, prays for judgment against Defendant as to each and every cause of action consistent with applicable law and pursuant to only those causes of action so permitted, including:

a.   An order certifying this action as a class action;

b.   An order requiring Defendant to bear the costs of class notice;

c.   An order appointing Plaintiff as the class representative and the Law Offices of Ronald A. Marron as Class Counsel;

d.   An order compelling Defendant to conduct a corrective advertising campaign;

e.   An order compelling Defendant to destroy all misleading and deceptive advertising materials and Products labels, and to recall all offending Products;

f.   An order declaring that Defendant's conduct violates the statutes and laws referenced herein;

g.   An order awarding disgorgement of Defendant's profits that were obtained from its ill-gotten gains in connection with its sales of the Products to Plaintiff and class members;

h.   An order awarding damages and, in the alternative, equitable restitution;

i.   An award for punitive damages and statutory penalties;

j.   An award of attorneys' fees and costs;

k.   An award of pre-judgment and post-judgment interest; and

l.   An order providing for all other such further relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: July 19, 2024                     Respectfully Submitted,


                                         /s/ Ronald A. Marron
                                         Ronald A. Marron

                                         **LAW OFFICES OF RONALD A. MARRON**
                                         RONALD A. MARRON
                                         *ron@consumersadvocates.com*
                                         LILACH HALPERIN
                                         *lilach@consumersadvocates.com*
                                         651 Arroyo Drive
                                         San Diego, California 92103

27

Telephone: (619) 696-9006
Facsimile: (619) 564-6665
***Counsel for Plaintiff and the Proposed Classes***

28